UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARY ANNE KELLER,

       Plaintiff,

v.                          Case No. 5:15-CV-309 (GTS/WBC)

CAROLYN W. COLVIN
Commissioner of Social Security,

       Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| MEGGESTO, CROSSETT & VALERINO<br> Counsel for Plaintiff<br>313 East Willow Street, Suite 201<br>Syracuse, NY 13203 | KIMBERLY SLIMBAUGH, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br> Counsel for Defendant<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | SERGEI ADEN, ESQ. |

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

   Currently before the Court, in this Social Security action filed by Mary Anne Keller ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are (1) the Report and Recommendation of United States Magistrate Judge William B. Mitchell Carter recommending that Plaintiff's motion for judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted, and (2) Plaintiff's objections to the Report and Recommendation. (Dkt. Nos. 19, 20.) For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety.

I.      **PLAINTIFF'S OBJECTIONS**

Generally, Plaintiff makes two arguments in objection to Magistrate Judge Carter's Report and Recommendation. (Dkt. No. 20, at 1-3.)

First, Plaintiff argues that the Court should reject Magistrate Judge Carter's finding that substantial evidence supported the ALJ's rejection of treating physician Dr. Robinson's opinion (because evidence does not support that conclusion). (*Id.,* at 2-3.) Within this argument, Plaintiff argues that the ALJ erred in relying on medical opinions from (1) consultative examiner Dr. Rosenfeld (because the opinion contained vague terms regarding Plaintiff's limitations), and (2) State agency medical consultant Dr. Chopra (because the opinion was partly based on Dr. Rosenfeld's opinion, which contained vague terms, and Dr. Chopra did not review medical records from New York Spine and Wellness Center). (*Id.*) Objecting to the Report and Recommendation more specifically, Plaintiff argues that Magistrate Judge Carter erred in (1) finding that Dr. Rosenfeld's assessment, when combined with the opinion of Dr. Chopra, provided a framework which solidified the meaning of Dr. Rosenfeld's opinion,[1] (2) failing to note that Dr. Chopra based his opinion, in part, on Dr. Robinson's opinion,[2] and (3) stating that a review of Plaintiff's records from New York Spine and Wellness Center did not indicate that the records would have changed the ultimate decision (because it is speculation that these additional records would not have changed Dr. Chopra's opinion or the ALJ's ultimate RFC determination). (*Id.*)

---

[1] The Court notes that Magistrate Judge Carter also discussed additional medical evidence that provided context to Dr. Rosenfeld's opinion, including Dr. Rosenfeld's examination findings, as well as MRI and EMG examination findings and Plaintiff's longitudinal treatment record, which the ALJ determined were consistent with Dr. Rosenfeld's opinion. (Dkt. No. 20, at 13-21).

[2] A review of the complete record indicates that Magistrate Judge Carter correctly noted that Dr. Chopra reviewed Dr. Robinson's treatment notes dated March 2012 and April 2010. (Dkt. No. 20, at 18) (citing T. 222). Moreover, contrary to Plaintiff's argument, Dr. Chopra did not indicate that he reviewed Dr. Robinson's August 2012 opinion. (T. 222.)

Second, Plaintiff argues that the Court should reject Magistrate Judge Carter's finding that the ALJ's credibility determination was supported by substantial evidence. (*Id.,* at 3.) More specifically, Plaintiff argues that (1) her testimony regarding her symptoms was supported by the medical records and consultative examiner Dr. Rosenfeld's report, and (2) the ALJ failed to resolve the inconsistency between his adverse credibility finding and Dr. Rosenfeld's report that he afforded controlling weight. (*Id.*)

## II. APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's Report and Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's Report and Recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord,* 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a de novo determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord,* Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 9-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 [N.D.N.Y. 2008]) (internal quotation marks omitted).

## III. ANALYSIS

The Court finds that Plaintiff's objections largely reiterate the arguments presented in her initial brief. (*Compare* Dkt. No. 20 *with* Dkt. No. 15.) To the extent that Plaintiff raises specific objections to Magistrate Judge Carter's Report and Recommendation, the Court reviews these

3

portions of the Report and Recommendation *de novo*. After carefully reviewing the relevant filings in this action, the Court finds that Plaintiff's specific objections to the Report and Recommendation are without merit. The Court agrees with Magistrate Judge Carter that the ALJ did not err in assessing the opinions of Dr. Robinson, Dr. Rosenfeld, and Dr. Chopra for the reasons stated in the Report and Recommendation, notwithstanding Plaintiff's objections to the same. (Dkt. No. 19, at 11-21.)

The Court finds that the balance of Plaintiff's objections merely reiterate arguments presented in her initial brief. (*Compare* Dkt. No. 20 *with* Dkt. No. 15.) Therefore the Court reviews the portions of Magistrate Judge Carter's Report and Recommendation addressed in the balance of Plaintiff's objections for clear error only. After carefully reviewing the relevant filings, the Court can find no clear error in the Report and Recommendation. Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 19.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Carter's Report and Recommendation (Dkt. No. 19) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: July 20, 2016
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge